FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DAVID CREWS, CLERK
BY_____ Deputy

UNITED STATES OF AMERICA

v.  CRIMINAL NO: 1:15CR111

CHRISTOPHER GRAHAM, a/k/a "G"  21 U.S.C. § 841
MORICKUS DAVIDSON, a/k/a "Hot", "Hot Boy"  21 U.S.C. § 846
AKIDA WILLIAMS, a/k/a "Kida"  18 U.S.C. § 924(c)
GEORGE FIELDS, a/k/a "Head"  18 USC § 1956
CHRISTOPHER MCKINNEY, a/k/a "Wolf"
CONTESSA GATES
DEANTA EWING
ROBERT BAILEY
TRENT MONTGOMERY
TERRY LYNN MCKINNEY
SINCLAIR COOK
JENNIFER CRIDDLE
JEFFIE JENNINGS, a/k/a "Fish"
PAUL JACKSON, a/k/a "Wall"

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

**Conspiracy to Distribute Methamphetamine**
**21 U.S.C. § 846**

Beginning at a date unknown to the Grand Jury, but from on or about February 2015, and continuing until September 2015, in the Northern District of Mississippi and elsewhere, the defendants, CHRISTOPHER GRAHAM, a/k/a "G", MORICKUS DAVIDSON, a/k/a "Hot", "Hot Boy", AKIDA WILLIAMS, a/k/a "Kida", GEORGE FIELDS, a/k/a "Head", CHRISTOPHER MCKINNEY, a/k/a "Wolf", CONTESSA GATES, DEANTA EWING, ROBERT BAILEY, TRENT MONTGOMERY, TERRY LYNN MCKINNEY, SINCLAIR COOK, JENNIFER CRIDDLE, and JEFFIE JENNINGS, a/k/a "Fish", did knowingly, intentionally and willfully combine, conspire, and agree with each other, and persons both

known and unknown to the Grand Jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

## Goal of the Conspiracy

It was the primary purpose and object of the conspiracy to establish a methamphetamine distribution network, which would obtain and subsequently distribute methamphetamine in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of methamphetamine to customers of the network.

## Manner and Means to Accomplish the Conspiracy

The charged conspiracy was accomplished by the following means, among others, and in the following manner:

1. It was part of the conspiracy that the defendants would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The defendants made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

2. It was further part of the conspiracy that co-conspirators would correspond with each other and with other methamphetamine traffickers in California and Mississippi, among other places, to arrange the purchase and shipment of large quantities of methamphetamine into the Northern District of Mississippi, and elsewhere.

3. It was further part of the conspiracy that methamphetamine was purchased from sources of supply in California, packaged and shipped to the Northern District of Mississippi.

4. It was further part of the conspiracy that co-conspirators transported and distributed methamphetamine to buyers in the Northern District of Mississippi, and elsewhere.

5. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

6. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

## Quantity of Methamphetamine
## Involved in the Conspiracy

With respect to CHRISTOPHER GRAHAM, a/k/a "G", MORICKUS DAVIDSON, a/k/a "Hot", "Hot Boy", and AKIDA WILLIAMS, a/k/a "Kida", the quantities of the controlled substances within the overall scope of the conspiracy attributable to these defendants as a result of each defendants' own conduct is an amount in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to GEORGE FIELDS, a/k/a "Head", CHRISTOPHER MCKINNEY, a/k/a "Wolf", CONTESSA GATES, DEANTA EWING, ROBERT BAILEY, TRENT MONTGOMERY, TERRY LYNN MCKINNEY, SINCLAIR COOK, JENNIFER CRIDDLE, and JEFFIE JENNINGS, a/k/a "Fish", the quantity of the controlled substances within the overall scope of the conspiracy attributable to these defendants, as a result of his/her own conduct, is any amount of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

3

## COUNT TWO

On or about February 4, 2015, in the Northern District of Mississippi, the defendants CHRISTOPHER GRAHAM, a/k/a "G", and MORICKUS DAVIDSON, a/k/a "Hot", "Hot Boy", being aided and abetted each by the other, together with others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about March 6, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a "G", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR

On or about April 30, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a "G", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about June 17, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a "G", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about May 21, 2015, in the Northern District of Mississippi, the defendant GEORGE FIELDS, a/k/a "Head", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SEVEN

On or about July 16, 2015, in the Northern District of Mississippi, the defendant GEORGE FIELDS, a/k/a "Head", did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

On or about September 11, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a "G", did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT NINE

On or about September 11, 2015, in the Northern District of Mississippi, the defendant TRENT MONTGOMERY, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance as classified by Title 21 of the Code of Federal Regulations, Sections 1308.12(a) and (d)(2), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

## COUNT TEN

On or about September 11, 2015, in the Northern District of Mississippi, the defendant CHRISTOPHER GRAHAM, a/k/a "G", did, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possessing with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly and intentionally possess firearms, specifically: 1) Rossi .243 rifle, model R243MBS, serial number CA073503; 2) Smith & Wesson .380 pistol, model Bodyguard, serial number KBD3243; 3) Ruger 9mm pistol, model LC9, serial number 325-87797; 4) Glock

.40 pistol, model 22, serial number FKL075; and 5) Savage .300 rifle, model 110, serial number F19997D, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT ELEVEN

Beginning at a date unknown to the Grand Jury, but from on or about February of 2014, and continuing until at least September 2015, both dates being approximate and inclusive, in the Northern District of Mississippi and elsewhere, defendants, AKIDA WILLIAMS, a/k/a "Kida", PAUL JACKSON, a/k/a "Wall", and other unindicted co-conspirators known and unknown to the grand jury, did unlawfully, knowingly and intentionally combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h), to wit:

To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, that is, distribution of a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of the conspiracy that AKIDA WILLIAMS, a/k/a "Kida", and other unindicted co-conspirators, would and did distribute and possess with intent to distribute methamphetamine, and other controlled substances in the Northern District of Mississippi and elsewhere, thereby acquiring sums of money.

It was part of the conspiracy that AKIDA WILLIAMS, a/k/a "Kida", and others, known and unknown to the Grand Jury served as sources of supply for various controlled substances including codeine, methamphetamine, and marijuana. AKIDA WILLIAMS, a/k/a "Kida", and others on his behalf, would travel from California to the Northern District of Mississippi to collect proceeds from the distribution of controlled substances.

It was also part of the conspiracy that AKIDA WILLIAMS, a/k/a "Kida", and others known and unknown to the Grand Jury, would and did conduct financial transactions himself, or through others acting on his behalf, by depositing proceeds from drug transactions into various bank accounts, characterized as "funnel" accounts, in the names of others known and unknown to the Grand Jury. The proceeds would be withdrawn from of the above accounts within days. This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity. The parties to the conspiracy were aware the monies involved in the financial transactions were the proceeds of some form of illegal activity, specifically the distribution of a controlled substance.

It was also part of the conspiracy that AKIDA WILLIAMS, a/k/a "Kida", by and through another known to the Grand Jury, would direct PAUL JACKSON, a/k/a "Wall", to deposit

WILLIAMS' portion into accounts at branches of banks in exchange for cash payments. PAUL JACKSON, a/k/a "Wall", was provided the account holder names and account numbers by AKIDA WILLIAMS, a/k/a "Kida", directly and/or indirectly by others known to the Grand Jury. When depositing the money into these accounts, PAUL JACKSON, a/k/a "Wall", would fill out the deposit slips, providing the names and account numbers provided by AKIDA WILLIAMS, a/k/a "Kida", or others known to the Grand Jury on AKIDA WILLIAMS', a/k/a "Kida", behalf.

During the course of the conspiracy deposits were made into "funnel" accounts, the following specifies four deposits made into four accounts provided to PAUL JACKSON, a/k/a "Wall", by AKIDA WILLIAMS, a/k/a "Kida", and an unindicted co-conspirator known to the Grand Jury:

1) 09/09/15 - $5,000.00 deposited into Bank of America Account Number 325259852887 at Airport Branch, Tennessee;
2) 09/09/15 - $4,800.00 deposited into Bank of America Account Number 325059912484 at Airport Branch, Tennessee;
3) 09/09/15 - $5,000.00 deposited into Wells Fargo Account Number 8099826631 at Northport Branch, Alabama;
4) 09/09/15 - $5,000.00 deposited into Wells Fargo Account Number 1400964290 at Northport Branch, Alabama.

This scheme was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (h).

### Forfeiture Provision

The allegations contained in Counts One through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 846 and/or Section 841, the defendants, CHRISTOPHER GRAHAM, a/k/a "G", MORICKUS DAVIDSON, a/k/a "Hot", "Hot Boy", AKIDA WILLIAMS, a/k/a "Kida", GEORGE FIELDS, a/k/a Head, CHRISTOPHER MCKINNEY, a/k/a "Wolf", CONTESS GATES, DEANTA EWING, ROBERT BAILEY, TRENT MONTGOMERY, TERRY LYNN MCKINNEY, SINCLAIR COOK, JENNIFER CRIDDLE and JEFFIE JENNINGS, a/k/a "Fish", shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s).

Further, as the result of committing one or more of the money laundering offenses in violation of Title 18, United States Code, Section 1956, as alleged in Count Eleven of this Indictment, defendants AKIDA WILLIAMS, a/k/a "Kida", and PAUL JACKSON, a/k/a/ "Wall", shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property, real and personal, involved in the money laundering offense(s) and all property traceable to such property

The property subject to forfeiture to the United States includes, but is not limited to, the following:

1. Rossi .243 rifle, serial number F19997D;
2. Smith & Wesson .380 pistol, serial number KBD3243;
3. Ruger LC9 9mm pistol, serial number 325-87797;
4. Glock 22 .40, serial number FKL075 2007;
5. 2010 Nissan Maxima, VIN 1N4AA5AP5AC847600; and
6. $7,462.00 in United States currency seized from 1431 Randle Quarters Road, Una, Mississippi.
7. $5,100.00 in United States currency seized from 135 Castle Street, Houston, Mississippi

If any of the property described above, as a result of any act or omission of the defendant[s]:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

The United States further reserves its right to seek forfeiture in the form of a money judgment against any of the defendants named herein in an amount equal to the illegal proceeds obtained by the defendants as result of the violations specified in this Indictment.

A TRUE BILL

_Felix C. Ash_
**UNITED STATES ATTORNEY**

_/s/ Signature Redacted_
**FOREPERSON**